```
                              Priority
                         ___  Send
                         ___  Clsd
                         ___  Enter
                         ___  JS-5/JS-6
                         ___  JS-2/JS-3
```

ENTERED
CLERK, U.S. DISTRICT COURT
JAN - 4 2000
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

FILED
CLERK, U.S. DISTRICT COURT
JAN - 3 2000
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ONOFRE T. SERRANO, ) | Case No. CV 96-8446 HLH (VAP) |
| Plaintiff, ) | |
| v. ) | **MEMORANDUM OPINION AND ORDER** |
| S. W. FRANCIS, ) | |
| Defendant. ) | **THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(d).** |

For the reasons set forth below, Plaintiff's Motion for Summary Judgment is DENIED.

## I. BACKGROUND

Plaintiff is an inmate at the Salinas Valley State Prison. Proceeding pro se, he filed the instant Fourth Amended Complaint on September 23, 1998, alleging his civil rights were violated while he was incarcerated at the California Institute for Men ("CIM") at Chino, California. Pursuant to 42 U.S.C. section 1983, Plaintiff sues Correctional Lieutenant S. W. Francis, a Disciplinary Senior Hearing Officer at CIM, for "willfully and wantonly" depriving him

of his Fourteenth Amendment right to equal protection under the law. [Fourth Amended Complaint ("FAC") at 2.] Plaintiff states that, at a disciplinary hearing conducted on September 17, 1995, Defendant refused to permit him to call several witnesses to testify in person regarding his rules violation charge for battery on a correctional officer. [FAC at 3.] Defendant allegedly refused to allow him to call witnesses Jackson, Johnson, Avery, Allen and Padilla because: (1) Jackson and Johnson are mobility-impaired and are African Americans; (2) witnesses Avery and Allen are African Americans; and (3) witness Padilla appears to be of Latin or Hispanic descent; and (4) Plaintiff is African American, is mobility impaired, and has been labeled a "jailhouse lawyer." [FAC at 3-4.]

Plaintiff contends he has sustained "personal injuries, mental and physical suffering, [and] emotional distress resulting in psychological injuries" as the result of the alleged discrimination. [FAC at 5.] He was housed in administrative segregation both before and after the disciplinary hearing, where the "filthy, cockroach and vermin infested" conditions, including "extreme" cold and insufficient light, as well as lack of access to his wheelchair, walker and leg braces, constituted "mental and physical torture." [FAC at 5, 6-7.] Defendant allegedly knew that the requested witnesses were permitted at the disciplinary hearing but, because of his hostility towards Plaintiff because of his race, disability and reputation as a jailhouse lawyer, refused to allow them to be present. [FAC at 5-6.] Plaintiff seeks $3,000,000 in compensatory

2

damages, $7,000,000 in punitive damages, a declaratory judgment that the alleged acts and omissions are unconstitutional, and any other relief the Court deems just and proper. [FAC at 7-8.]

## II. PROCEEDINGS

### A. Plaintiff's Motion for Partial Summary Judgment

On August 24, 1999, Plaintiff filed the instant Motion for Summary Judgment ("Pl.'s MSJ"), and attached a Statement of [purportedly] Uncontroverted Facts of Conclusions of Law ("Pl.'s Stmt."). In the Motion, Plaintiff sets forth the legal standard for granting a motion for summary judgment, and asserts that Defendant is "completely unable" to "carry [his] burden of showing that his actions were not racially motivated . . . and/or that defendant's actions or omissions were not the result of plaintiff's activities as a jailhouse lawyer," or because he is mobility-impaired. [Pl.'s MSJ at 7-9, 10.]

Plaintiff asserts that he was "subject to pain and suffering after the prison disciplinary hearing," where he alleges Defendant's denial of live witness testimony wrought a constitutional violation. [Pl'.s MSJ at 11.] His alleged injuries were apparently twofold. First, Plaintiff asserts that his disciplinary conviction caused his confinement in administrative segregation "to be come punitive," and that the cold, unsanitary conditions there "caused mental anguish and frustration which flowed from the denial of plaintiff's constitutional rights" at the hearing. [Pl.'s MSJ at 11-12.]

Second, Plaintiff asserts that, as a result of Defendant "depriving plaintiff of his rights under the constitution, plaintiff suffered mental and physical pain, including the intentional infliction of emotional distress . . . ." [Pl.'s MSJ at 13.] In other words, Defendant's decision <u>itself</u> caused Plaintiff constitutionally actionable emotional distress. Because granting Plaintiff's request for live witness testimony would have "permitted a fair hearing," and likely resulted in a determination more favorable to Plaintiff, he suffered "extreme pain and suffering knowing that the disciplinary violation hearing procedure had failed due to constitutional violation. The constitutional violation contributed to plaintiff having flashbacks and to become depressed." [Pl.'s MSJ at 14.]

Plaintiff's Motion for Summary Judgment is unopposed.

### III. DISCUSSION

**A. Legal Standard -- Summary Judgment**

A motion for summary judgment shall be granted when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48, 106 S. Ct. 2505, 2509-10, 91 L. Ed. 2d 202 (1986). The moving party must show that "under the governing law, there can be but one reasonable conclusion as to the verdict." <u>Anderson</u>, 477 U.S. at 250, 106 S. Ct. at 2511.

4

Generally, the burden is on the moving party to demonstrate that it is entitled to summary judgment. Margolis v. Ryan, 140 F.3d 850, 852 (9th Cir. 1998); Retail Clerks Union Local 648 v. Hubb Pharmacy, Inc., 707 F.2d 1030, 1033 (9th Cir. 1983). The moving party bears the initial burden of identifying the elements of the claim or defense and evidence that it believes demonstrates the absence of an issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552-53, 91 L. Ed. 2d 265 (1986).

A genuine issue of material fact will exist "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248, 106 S. Ct. at 2510. In considering a motion for summary judgment, the court construes the evidence in the light most favorable to the nonmoving party. Barlow v. Ground, 943 F.2d 1132, 1135 (9th Cir. 1991); T.W. Electrical Serv. Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630-31 (9th Cir. 1987).

Although summary judgment motions may be based on documentary evidence, "a proper *foundation* must be laid in supporting declarations, establishing the source of the document, the validity of signatures thereon, etc. Declarations and affidavits may be required for this purpose." William W. Schwarzer, A. Wallace Tashima & James M. Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial § 12:52 (1995)(emphasis in original).

///

Furthermore, "[d]ocumentary evidence must be properly authenticated." Id. at §§ 12:59.1, 14:170, & 14:194-95.

"[A] court should deny a motion for summary judgment if 'the movant's papers are insufficient on their face . . . .'" Cristobal v. Siegel, 26 F.3d 1488, 1494 (9th Cir. 1994)(discussing authentication requirement) (quoting Sheet Metal Workers' International Association v. National Labor Relations Bd., 716 F.2d 1249, 1254 (9th Cir. 1983)); see also Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1550-51 (9th Cir. 1990)(discussing authentication and foundation requirements); Canada v. Blain's Helicopters, Inc., 831 F.2d 920, 925 (9th Cir. 1987) (discussing authentication requirement).[1] Furthermore, unsworn declarations that do not comply with 28 U.S.C. § 1746 will not be considered on summary judgment. Nissho-Iwai Amer. Corp. v. Kline, 845 F.2d 1300, 1306-07 (5th Cir. 1988)(holding that affidavit could not be considered on summary judgment because it was not signed under penalty of perjury and did not provide that the contents were true and correct); Jack v. Trans World Airlines, Inc., 854 F. Supp. 654, 659 (N.D. Cal. 1994)(same).

///
///

---

[1] In two of these cases, the Ninth Circuit held that the errors in the format of certain evidence constituted harmless error, because both parties relied on the same evidence. See Cristobal, 26 F.3d at 1494; Hal Roach Studios, Inc., 896 F.2d at 1550-51. This result, however, did not affect the court's conclusion that the district court should not have considered the evidence in the first place.

Even where no opposition to the motion for summary judgment has been filed, granting summary judgment is inappropriate where insufficient evidence exists to support the motion. Hoover v. Switlik Parachute Co., 663 F.2d 964, 967 (9th Cir. 1981). The burden remains on the moving party to demonstrate that no genuine factual controversy exists, even absent a written opposition from the non-moving party; the court should deny the motion for summary judgment if the moving party's papers themselves demonstrate the existence of a material factual controversy. Sheet Metal Workers' International Association v. National Labor Relations Bd., 716 F.2d 1221 (9th Cir. 1984).

C.  **Plaintiff Offers Insufficient Evidence to Obtain Summary Judgment on His Equal Protection Claim**

The Equal Protection Clause, as applied to the states through the Fourteenth Amendment, dictates that "no State shall deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439, 105 S. Ct. 3249, 3254, 87 L. Ed. 2d 313 (1985). To assert a claim for violation of the Equal Protection clause, Plaintiff must show that Defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class. Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998), cert. denied, 119 S. Ct. 1058 (1999); Navarro v. Block, 72 F.3d 712, 716 (9th Cir. 1995); Maynard v. City

of San Jose, 37 F.3d 1396, 1404 (9th Cir. 1994); Hoptowit v. Ray, 682 F.2d 1237, 1252 (9th Cir. 1982). "Intentional discrimination means that a defendant acted at least in part because of a plaintiff's protected status." Maynard, 37 F.3d at 1404.

**1. Alleged Discrimination Based on Plaintiff's Race**

The Fourteenth Amendment's Equal Protection Clause shields prisoners from discrimination predicated on race. Wolff v. McDonnell, 418 U.S. 539, 556, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974); Lee v. Washington, 390 U.S. 333, 333-34, 88 S. Ct. 994, 994-95, 19 L. Ed. 2d 1212 (1968)(per curiam). However, to avoid summary judgment on an equal protection claim alleging race-motivated discrimination, a prisoner must present evidence of discriminatory intent. Washington v. Davis, 426 U.S. 229, 239-40, 96 S. Ct. 2040, 2047-48, 48 L. Ed. 2d 597 (1976) (holding that successfully asserting claim of race-based discrimination requires proof of discriminatory intent); Lum v. Penarosa, 2 F. Supp. 2d 1291, 1293 (D. Haw. 1998). Mere conclusory allegations are insufficient to establish such intent. Village of Arlington Heights v. Metropolitan Housing Development Corp., 429 U.S. 252, 265, 97 S. Ct. 555, 563, 50 L. Ed. 2d 450 (1977). See Walters v. Maass, 45 F.3d 1355, 1360 (9th Cir. 1995 (conclusory allegations insufficient to establish equal protection violation); Forsberg v. Pacific Northwest Bell Telephone Co., 840 F.2d 1409, 1419 (9th Cir. 1988) (conclusory allegations of discrimination did not circumvent summary judgment in employment discrimination case).

Plaintiff asserts that the evidence he submits is "unrebutted." [Pl.'s MSJ at 4 (Pl.'s Stmt.).] However, as the movant, Plaintiff bears the burden of establishing a lack of a material controversy of fact; this he has failed to do. Plaintiff's Motion attempts to set forth the relevant legal standard for granting summary judgment, and contains numerous unsubstantiated allegations that Defendant's actions were rooted in discriminatory animus, but the evidence he relies on is unpersuasive.

In support of his allegation that Defendant deprived him of his constitutional rights by limiting the live witness testimony at his disciplinary hearing, Plaintiff refers only to the unsubstantiated allegations contained in his own Fourth Amended Complaint; such allegations are not evidence, and he cannot rely on them as a "bootstrapping" method of establishing the lack of a factual controversy. [Pl.'s MSJ at 3-4 (Pl.'s Stmt.).] Plaintiff also refers to an exhibit attached to the Fourth Amended Complaint, which reflects that his appeal of the disciplinary conviction was partially granted, but does not address in any way the constitutional propriety of Defendant's decision regarding live witness testimony. [Id.]

Plaintiff wrongly asserts that Defendant fails to furnish a "nondiscriminatory explanation" for his actions. [Pl.'s MSJ at 4, 5, 6.] Defendant's response to Interrogatory No. 4 of Plaintiff's first set of interrogatories, and Defendant's declaration in support

of his own Motion for Summary Judgment state that Plaintiff's request for live witness testimony was denied because: (1) the witnesses provided written testimony that was adduced at trial; (2) the witnesses had no further relevant or additional information requiring their presence at the hearing; and (3) the decision was made in accord with the California Code of Regulations, and had "absolutely nothing to do" with the race, ethnicity, or disability of the witnesses, or with Plaintiff's race, ethnicity, mobility impairment or status as a "jailhouse lawyer." [Pl.'s MSJ at 37, Ex. E (Defendant's Responses to Plaintiff's First Set of Interrogatories), 67, Ex. I (Declaration of S. W. Francis in Support of Defendant's Motion for Summary Judgment).] Even though Defendant does not bear the burden on Plaintiff's Motion for Summary Judgment, contrary to Plaintiff's assertion, he has provided an explanation for making his decision on a nondiscriminatory basis.

Aside from his weak evidentiary support for the instant motion, Plaintiff's conclusory allegations are legally insufficient to establish Defendant's discriminatory intent. <u>Village of Arlington Heights</u>, 429 U.S. at 265, 97 S. Ct. at 563; <u>Walters</u>, 45 F.3d at 1360; <u>Forsberg</u>, 840 F.2d at 1419. Accordingly, he is clearly not entitled to judgment as a matter of law.

### 2. Alleged Discrimination Based on Plaintiff's Physical Disability

The Supreme Court has held, and the Ninth Circuit reiterated,

10

that physically disabled persons do not comprise a suspect or protected class for equal protection purposes under the Fourteenth Amendment; thus, rational basis scrutiny applies when considering equal protection claims asserted by that group. City of Cleburne, 473 U.S. at 446, 105 S. Ct. 3257-58; Gamble v. City of Escondido, 104 F.3d 300, 307 (9th Cir. 1997). If Plaintiff's purportedly disparate treatment was reasonably related to a legitimate government purpose, then an equal protection claim based on his physical disability must fail. City of Cleburne, 473 U.S. at 450, 105 S. Ct. at 3260; McLean v. Crabtree, 173 F.3d 1176, 1186 (9th Cir. 1999).

Because Plaintiff provides no evidence undermining the constitutional adequacy of Defendant's decision, he fails to sustain his burden of establishing the lack of a genuine issue of material fact as to whether that decision was animated by discrimination based on his physical disability. Moreover, Defendant's denial of live witness testimony rested on the grounds that, pursuant to the California Code of Regulations, "live testimony [of the] inmate witnesses at the hearing would provide no relevant or additional information" and "live testimony of the investigative employee was unnecessary", [Pl.'s MSJ at 67, Ex. I (Declaration of S.W. Francis in Support of Defendant's Motion for Summary Judgment)], appears to be reasonably related to a legitimate government purpose -- the efficient resolution of prison disciplinary proceedings. Hence, he

///

is clearly not entitled to judgment as a matter of law on this issue.

### 3. Alleged Discrimination Based on Plaintiff's Status as a Jailhouse Lawyer

Jailhouse lawyers are not a protected or suspect class, and hence Defendant's decision warrants rational basis scrutiny. Plaintiff provides no evidence that the decision was made arbitrarily, and Defendant raises two legitimate reasons for the decision not to allow the live witness testimony Plaintiff desired. [See supra at 11.] Hence, Plaintiff does not sustain the burden of raising a genuine issue of material fact as to his jailhouse lawyer equal protection claim, and is not entitled to judgment as a matter of law.

## IV. CONCLUSION

Plaintiff is not entitled to summary judgment, having failed to show there is no genuine factual controversy in this case, or that he is entitled to judgment as a matter of law. Anderson, 477 U.S. at 247-48, 106 S. Ct. at 2509-10. Construing the evidence in the light most favorable to Defendant, a reasonable jury could return a verdict in his favor. Anderson, 477 U.S. at 248, 106 S. Ct. at 2510, Barlow, 943 F.2d at 1153; T.W. Electrical Serv. Inc., 809 F.2d at 630-31.

///

///

## V. ORDER

For all of the foregoing reasons, Plaintiff's Motion for Summary Judgment is DENIED.

DATED: January 2, 2000

Virginia A. Phillips
VIRGINIA A. PHILLIPS
UNITED STATES DISTRICT JUDGE